Filed 7/28/26  Guzman v. Dept. of Motor Vehicles CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| SERGIO GUZMAN, | B347708 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 25STCP00162) |
| v. | |
| DEPARTMENT OF MOTOR VEHICLES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen I. Goorvitch, Judge.  Affirmed.

Rodney Gould for Plaintiff and Appellant.

Rob Bonta, Attorney General, Chris A. Knudsen, Assistant Attorney General, Gabrielle H. Brumbach and Kaprisha CresselHosey, Deputy Attorneys General, for Defendant and Respondent.

———————————

Sergio Guzman appeals from a judgment dismissing his petition for a writ of mandate. Guzman sought to set aside a Department of Motor Vehicles (DMV) order suspending his driver's license for refusing to submit to a chemical test of his blood alcohol level. The trial court found Guzman's petition was untimely under Vehicle Code[1] section 13559, the statute governing review of that category of suspension order.

On appeal, Guzman argues his petition challenged not the suspension order but the hearing procedures that led to it, which he contends violated his constitutional right to due process. He asserts section 13559 does not apply to such a claim.

We hold that Guzman's challenge to the hearing procedures cannot be separated from a challenge to the suspension order itself. Therefore section 13559's time limit applies to Guzman's challenge, and his petition is untimely.

Accordingly, we affirm.

## BACKGROUND

On June 30, 2024, California Highway Patrol officers initiated a traffic stop of Guzman's vehicle. The officers conducted field sobriety tests. The officers then arrested Guzman for driving under the influence. The officers also served Guzman with an order suspending his driver's license under sections 13353, subdivision (c) and 23612, subdivision (e), for refusing to submit to a chemical test of his blood alcohol level.

Guzman challenged the suspension in a hearing before a DMV driver safety hearing officer on September 24, 2024. At the outset of the hearing, Guzman's counsel "enter[ed] a general

---

[1] Unspecified statutory citations are to the Vehicle Code.

objection to the hearing process," citing, inter alia, *California DUI Lawyers Assn. v. Department of Motor Vehicles* (2022) 77 Cal.App.5th 517, which held DMV procedures in which the hearing officer served both as an advocate for the DMV and as an adjudicator violated constitutional due process.[2] (*California DUI Lawyers Assn.*, 77 Cal.App.5th at pp. 523, 530.) The hearing officer overruled the objection and the hearing proceeded. On October 15, 2024, the hearing officer issued a decision finding Guzman refused or failed to complete a required chemical test, and upholding the suspension.

On January 17, 2025, Guzman filed a "Verified Petition for Writ of Mandate" in the trial court. (Boldface omitted.) In the petition, Guzman alleged his arrest was unlawful and he had not refused or failed to complete a chemical test. He further alleged a due process violation because his hearing officer purportedly acted as both the prosecutor and adjudicator. The petition requested "a peremptory writ of mandate to set aside the decision suspending [Guzman's] driver's license," as well as attorney fees and costs.

The DMV filed a motion for judgment on the pleadings, arguing Guzman's writ petition was untimely. The trial court granted the motion, finding Guzman filed his writ petition

_____

[2] In response to the *California DUI Lawyers* decision, the DMV changed its hearing procedures so that "the hearing officer acts only as a neutral trier of fact, does not represent or advocate for the department, and is not tasked with preparing the department's case." (*Chi v. Department of Motor Vehicles* (2026) 119 Cal.App.5th 473, 479.) At Guzman's hearing, the hearing officer stated she would "be acting as a neutral factfinder," and was "prohibited from and will not act as an advocate for the DMV or law enforcement."

beyond the 30-day deadline under section 13559, subdivision (a). The court dismissed the writ petition with prejudice.

Guzman timely appealed.

## STANDARD OF REVIEW

Our review of a judgment on the pleadings is de novo. (*Sepanossian v. National Ready Mixed Concrete Co.* (2023) 97 Cal.App.5th 192, 199.)

## DISCUSSION

Section 14400 provides, "Nothing in this code shall be deemed to prevent a review or other action as may be permitted by the Constitution and laws of this State by a court of competent jurisdiction of any order of the department refusing, canceling, suspending, or revoking the privilege of a person to operate a motor vehicle." Generally, an action seeking such review "shall be commenced within 90 days from the date the order is noticed." (§ 14401, subd. (a).)

Section 13559, subdivision (a), the subdivision on which the trial court relied, provides, in relevant part, "Notwithstanding Section 14400 or 14401, within 30 days of the issuance of the notice of determination of the department sustaining an order of suspension or revocation of the person's privilege to operate a motor vehicle after the hearing pursuant to Section 13558, the person may file a petition for review of the order in the court of competent jurisdiction in the person's county of residence." Section 13558 governs hearings on suspensions pursuant to, inter alia, section 13353, which imposes a one-year suspension for failure to submit to a blood alcohol chemical test. (See § 13353, subd. (a)(1).)

4

The 30-day limitations period under section 13559 "supersedes the more general provisions of sections 14400 and 14401." (*Johanson v. Department of Motor Vehicles* (1995) 36 Cal.App.4th 1209, 1214–1215.) This is clear on the face of section 13559, which expressly states it applies "[n]otwithstanding Section 14400 or 14401." (§ 13559, subd. (a).) Thus, the 90-day deadline under section 14401 does not apply to suspension and revocation orders issued after a section 13558 hearing, which are instead subject to the shorter 30-day limitations period set forth in section 13559.

The trial court found Guzman's writ petition sought review of an order suspending his license following a section 13558 hearing. The court concluded the petition therefore was subject to the 30-day limitations period under section 13559. Because the hearing officer issued the order on October 15, 2024, and Guzman did not file his petition until January 17, 2025, the court found he did not meet section 13559's deadline.

Guzman argues his writ petition is a constitutional due process challenge not to the suspension order itself, but to the procedures employed at the hearing, specifically the hearing officer allegedly serving as both prosecutor and adjudicator. This constitutional attack on the hearing procedures, he contends, is not subject to the time limits under section 13559, or even under section 14401, but rather is governed by section 14400's admonition that "[n]othing in [the Vehicle Code] shall be deemed to prevent a review . . . as may be permitted by the Constitution and laws of this State . . . ." Guzman asserts, "While Section 13[5]59 may limit the ability to seek administrative review of an order of suspension or revocation, by its own terms it does not limit a traditional mandamus action to review *the procedure*

5

employed by [the] DMV during a hearing." He further states, "[T]his action does not seek review of the order of suspension. Indeed, the entire mandamus action arguably could be resolved without reference to the written decision at all. Rather, the petition seeks to enforce [the DMV's] duty to provide a hearing that both complies with [the *California DUI Lawyers* decision] and affords due process of law."

We reject Guzman's attempt to distinguish his challenge to the hearing procedures from a challenge to the suspension order itself. The suspension order clearly was the impetus for Guzman's petition. This is evident from the fact that the only relief requested, apart from fees and costs, is that the trial court "set aside the decision suspending [Guzman's] driver's license." Indeed, as Guzman concedes, he has standing to challenge the purportedly unconstitutional process only because it led to suspension of his license — he alleges no other injury. (See *Salazar v. Majestic Realty Co.* (2025) 116 Cal.App.5th 813, 832 [to have standing to challenge a law, a plaintiff "must show . . . ' " ' "that he is injuriously affected thereby" ' " ' "].)

Also, it was the hearing officer that ruled below on Guzman's due process objection, and that ruling arose in the hearing itself. The ruling on the due process objection therefore is part and parcel of the hearing officer's suspension decision.

In sum, without the suspension order Guzman has no due process claim. His petition therefore is necessarily "a petition for review of" "an order of suspension or revocation of the person's privilege to operate a motor vehicle after the hearing pursuant to Section 13558." (§ 13559, subd. (a).)

For this reason we decline to address the parties' arguments as to whether Guzman's challenge is one of traditional

6

mandate under Code of Civil Procedure section 1085 or administrative mandate under Code of Civil Procedure section 1094.5. Whatever the procedural vehicle for Guzman's challenge, it is a petition for review of a suspension order following a section 13558 hearing, and thus falls within the language of section 13559, subdivision (a).

We further conclude the Legislature intended section 13559 to address constitutional due process challenges to suspension decisions. The statute provides, "If the court finds that the department exceeded its constitutional or statutory authority, made an erroneous interpretation of the law, acted in an arbitrary and capricious manner, or made a determination which is not supported by the evidence in the record, the court may order the department to rescind the order of suspension or revocation and return, or reissue a new license to, the person." (§ 13559, subd. (a).) This scope of review encompasses the hearing officer's overruling Guzman's due process objection, which implicated the hearing officer's "constitutional . . . authority" and "interpretation of the law." (*Ibid.*)

We therefore conclude Guzman's petition is subject to section 13559's 30-day time limit, and the trial court correctly dismissed the petition as untimely.

## DISPOSITION

The judgment of dismissal is affirmed.  The Department of Motor Vehicles is awarded its costs on appeal.

NOT TO BE PUBLISHED.


BENDIX, Acting P. J.


We concur:



WEINGART, J.



M. KIM, J.


8